NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0520n.06
Filed: July 25, 2006

Nos. 05-5942, 05-6066

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

REVA E. PAYNE; LUCRETIA M. PAYNE,     )
                                       )
    Plaintiffs-Appellants,             )
                                       )
v.                                     )   ON APPEAL FROM THE UNITED
                                       )   STATES DISTRICT COURT FOR THE
THE COURIER-JOURNAL; BRIAN             )   WESTERN DISTRICT OF KENTUCKY
BENNETT, Reporter,                     )
                                       )
    Defendants-Appellees.              )

 

**BEFORE: SILER, DAUGHTREY, and ROGERS, Circuit Judges.**

**ROGERS, Circuit Judge.** This is a lawsuit alleging copyright infringement. The plaintiffs

are Reva and Lucretia Payne. They are suing the Louisville *Courier-Journal* for excerpting without

permission portions of an unpublished children's book written by their brother, Tom Payne, in an

article about Tom's basketball career and subsequent imprisonment for rape. The Paynes claim to

hold the copyright to the book.

This appeal seeks reversal of two district court orders. First, the Paynes challenge the order

denying their Rule 60(b) motion to vacate a prior transfer order that moved their case from the

Central District of California to the Western District of Kentucky. The denial was appropriate

because a Federal Rule of Civil Procedure 60(b) motion could not be used to challenge the transfer

order, and the motion could not reasonably be construed as a motion to retransfer. Second, the

Paynes challenge the district court's order dismissing the complaint for failure to state a claim. We

affirm.

**I.**

The Paynes originally brought this copyright infringement suit on June 24, 2004, in the Central District of California pursuant to 17 U.S.C. § 101 *et seq.* In the complaint, the Paynes allege that they "complied in all respects with the Copyright Act of 1976" and thereby "secured the exclusive rights and privileges" in an unpublished children's book entitled, "The Angel Mimi and the Giant (A Lesson in Love)," and its illustrations. This book was written by the Paynes' brother, Tom Payne, who is famous for being the first African-American basketball player to join the University of Kentucky basketball team. Currently Tom Payne is serving a sentence in Kentucky prison for rape.

An article about Tom's basketball career and imprisonment by journalist Brian Bennett appeared in the *Courier-Journal* on April 4, 2001. The article opens with a block quote from "The Angel Mimi" in large print: "Once there lived a very mean Giant. He didn't smile, he didn't laugh, and his face was always turned in a frown. When he would walk, he would stomp the ground just to shake the villages as [he] went by."

Following this quote, the article discusses Bennett's three-hour interview with Tom at the Green River Correctional Complex in central Kentucky. Tom is seven feet, two inches tall—a veritable giant—and he played for the University of Kentucky basketball team, the article observes. The article recounts the story of Tom's incarceration in California for 14 years for rape, and his

current sentence in Kentucky for 15 years for a different rape. After noting Tom's efforts during this time period at obtaining parole, the article again block quotes "The Angel Mimi" in large print: "This Giant had a very big sad heart. He was sad because no one liked him nor understood him."

After this quote, the article recounts the story of Tom's basketball career, culminating with his $750,000 contract with the Atlanta Hawks, a National Basketball Association team. The article again block quotes "The Angel Mimi" in large print: "When he was a boy Giant, he was left all by himself. He never had anyone to show him love. As you can imagine, a life without hugs, without kisses and without love would probably make anyone mean."

The article further relates subsequent ups and downs in Tom's life, with two more block quotes from "The Angel Mimi" of a scope similar to those described. The article notes that Tom has taken to writing children's books, and that his supporters continue to seek his release. In total, the article quotes 157 words from the book. The Paynes did not give permission to Bennett to reproduce these excerpts, although Bennett apparently received a copy of the book from Tom's mother, Elaine Payne.

For his story, Bennett interviewed both Tom and Elaine. Elaine posed for a photograph that appeared in the article. The photo shows Elaine holding up a copy of "The Angel Mimi" with its cover illustration in view. Bennett also interviewed Tom's brother Darrell, who criticized the length of Tom's sentence and otherwise advocated for his release. Elaine, as well as Plaintiffs Reva and Lucretia, possesses copies of at least some of Tom's books that he has circulated to them from

prison, including "The Angel Mimi."

The plaintiffs allege in the complaint that "the manner and use of the excerpts from Plaintiffs' book by Defendant has caused irreparable damage to the character, nature, and meaning of the book." The Paynes further state in the complaint that the allegedly infringing newspaper article "will possibly have an adverse effect on the potential market for the intended sales of the book in the tri-state areas (Kentucky, Indiana, and Ohio)." Finally, the Paynes allege that the "natural, probable and foreseeable result of" the newspaper article will be to "damage[] and deprive Plaintiffs the opportunity of possibly and potentially securing a large perspective [sic] customer base in the Kentucky, Indiana, and Ohio area." The Paynes demand $500,000 in damages.

The district court in California held that it lacked personal jurisdiction over the *Courier-Journal* and Bennett, and transferred the case to the Western District of Kentucky, where the case arrived in late August of 2004. On April 1, 2005, the Paynes filed a motion in the Kentucky federal district court to vacate the California federal district court's order transferring the case to Kentucky. The Paynes sought this relief under Federal Rule of Civil Procedure 60(b), which permits district courts to grant relief from final orders and judgments. The Paynes argued for vacating the order of transfer because the defendants had secured transfer through misrepresentation of the *Courier-Journal*'s corporate relationship to its parent company, Gannett Co., Inc. The district court denied this motion without explanation in an order dated May 24, 2005.

On May 31, 2005, the district court entered an order dismissing the action on the merits for

failure to state a claim. The district court rejected the defendants' argument that the statute of limitations barred the Paynes' claim. The district court observed that the Paynes claimed that they did not discover the alleged infringement until they received a copy of Bennett's article in mid-July of 2001. Accepting that assertion, the district court concluded that the Paynes' cause of action accrued when they received the article July on 2001. Since the complaint had been filed within three years of the Paynes' receipt of the article in July of 2001, the statute of limitations did not bar it. The district court thus rejected the defendants' argument based on the statute of limitations.

Nevertheless, the district court dismissed the complaint after determining that the article's quotations from "The Angel Mimi" qualified for the fair use defense as a matter of law. This appeal followed.

**II.**

The district court properly denied the Paynes' Rule 60(b) motion to vacate the California district court's transfer order. Rule 60(b) is not the proper basis for challenging such a transfer order. Rule 60(b) applies only to "final" orders. *See Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991). When the Paynes brought their Rule 60(b) motion in the district court, no final order existed that could be the subject of Rule 60(b). As no final order existed, the district court could not have granted the Paynes' motion based on Rule 60(b) and thus correctly denied it. The proper basis for such a challenge is a motion to retransfer. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136-39 (6th Cir. 1991).

The Paynes' Rule 60(b) motion could not have been construed, even liberally, as a motion to retransfer because the contents of the motion do not resemble such a motion. A party seeking retransfer must establish under the law-of-the-case doctrine that the transfer order was clearly erroneous and would work a "manifest injustice." *See id.* at 1137. The Paynes in their motion did not even attempt to identify a "manifest injustice" sufficient to require departure from the law of the case. Instead, the Paynes in their motion spent their energies making allegations of misconduct and developing their argument that the California district court had personal jurisdiction over the defendants. But such allegations regarding misconduct and personal jurisdiction are insufficient grounds for moving the case to California without some basis for supposing that the transfer order had caused a "manifest injustice" that could be avoided by retransfer. *See id.* The Paynes' Rule 60(b) motion thus cannot be seen as a motion to retransfer.

For these reasons, we affirm the district court's order denying the Paynes' Rule 60(b) motion to vacate the transfer order.

**III.**

Finally, the district court properly dismissed the copyright suit pursuant to the fair use defense. *See* 17 U.S.C. § 107. After examining the parties' briefs, and the applicable law, this court determines that the district court properly held that the fair use defense applied as a matter of law. For the reasons given by the district court, we affirm the judgment dismissing the plaintiffs' suit.